**In the Matter of Kenneth T. ROBERTS.**

No. 49S00–9210–DI–874.

Supreme Court of Indiana.

Dec. 30, 1993.

Kevin L. Scionti, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, Kenneth T. Roberts, has been charged in a multi-count Verified Complaint with violating certain disciplinary rules contained in the *Rules of Professional Conduct for Attorneys at Law.* This matter is now before the Court on a conditional agreement for discipline tendered by the parties pursuant to Ind.Admission and Discipline Rule 23, Section 11(d), wherein the Disciplinary Commission and the Respondent have agreed that insufficient evidence exists to prove some of the charges. This Court now accepts the agreement of the parties. The facts and circumstances of this case are more fully set out in the opinion that follows.

**Count I.**

Under this Count, Respondent is charged with not properly informing his client in writing of the details of a contingency fee agreement as required by Ind.Professional Conduct Rule 1.5(c), with improperly revealing information relating to representation of a client in contravention of Prof. Cond.R. 1.6(a), and with not taking acts necessary to protect a client's interest upon termination, in contravention of Prof. Cond.R. 1.16(d).

On or about September 30, 1987, Charles Andrews, Jr., (Andrews) filed *pro se* a lawsuit in the United States District Court, Southern District of Indiana, asserting discrimination on the basis of sex, age, or handicap. At the suggestion of the Magistrate, on February 22, 1988, Andrews retained Respondent to help in this cause of action. At that time, Andrews executed a document purported by Respondent to be a contingency fee agreement although the document was entitled "Hourly Fee Agreement with Minimum Retainer." Andrews paid Respondent $1000.00 as an advance payment for services. The agreement con-

tained no written explanation of the method by which Respondent's fee was to be determined and no written explanation was ever provided to Andrews.

In August 1988, Respondent was informed by his secretary that Andrews was seen soliciting money by impersonating a deaf mute and filed an amended motion to withdraw swearing to such facts. In this motion, Respondent also stated under oath that Andrews was not a deaf mute and that Respondent had serious doubts as to his client's veracity for telling the truth. Prior to such motion, counsel for defendants was unaware that plaintiff had ever solicited money by impersonating a deaf mute.

We find that the Respondent engaged in professional misconduct as charged in this Count.

### Count II.

In Count II, as amended under the agreement of the parties, the Respondent is charged with violating Prof.Cond.R. 1.5(c) by entering into a contingency fee agreement with a client without explaining in writing the method by which his fee is to be determined.

In January 1988, Bonita Hayes (Hayes) contacted the Respondent concerning professional employment in a discrimination case against a former government employer. On March 30, 1988, Hayes signed a document given to her by Respondent's paralegal, which was purported to be a contingency fee agreement although the document was entitled "Hourly Fee Agreement with Minimum Retainer." At the time of signing, Hayes paid Respondent $120.00 for a filing fee. The agreement did not contain a written explanation of the method by which Respondent's fee was to be determined, and Respondent never provided Hayes with any such written explanation. Subsequently, Respondent refused to file a cause of action until Hayes paid a retainer fee of $500.00. Hayes did not pay the retainer fee and Respondent did not return the filing fee.

Under the facts agreed by the parties, we find that Respondent violated Prof. Cond.R. 1.5(c).

### Count III.

Under Count III and V, as amended by the agreement of the parties, Respondent is again charged with violating Prof. Cond.R. 1.5(c). The agreed facts again relate that a client signed a purported contingency agreement which did not contain a written explanation of the method by which Respondent's fee was to be determined. We accordingly find that such conduct violated Prof.Cond.R. 1.5(c).

### Count IV.

In Count IV, as amended by the agreement, Respondent is charged with violating Prof.Cond.R. 1.5(b) by failing to promptly deliver to a client funds that such client was entitled to receive.

In November 1985, Respondent was retained to represent Charles Johnson (Johnson) in a racial harassment cause of action against a former employer. At that time, Johnson entered into a contingency fee agreement with Respondent. On May 28, 1987, the Respondent filed the cause of action in the United States District Court in Indianapolis. On July 6, 1989, during the course of a pre-trial conference, Respondent, on his own initiative, accepted on behalf of Johnson a $1,000.00 settlement offer. The settlement was made without prior permission of Johnson, but was predicated on an indication by the federal magistrate that he would recommend the court to grant summary judgment in favor of the defendants. The federal court dismissed the matter *sua sponte.*

Initially, Johnson offered no protest to the settlement and defendants tendered a check payable to the Respondent for $1,000.00. The check was inadvertently deposited in Respondent's operating account rather than his trust. Johnson was advised of the receipt of the check, but refused to accept the funds. Respondent is willing to tender the funds to Johnson, but he cannot be located.

In view of the above facts, we find that the Respondent violated Prof.Cond.R. 1.5(b) as charged.

By way of mitigation, the parties have further agreed that the Respondent has

had a long and active career in which he represented numerous clients in difficult civil rights cases and low paying criminal defense matters. The incidents noted in this case are relatively isolated in this type of career. The Respondent has been very active in providing representation to his community and serving the legal profession.

In view of our finding of professional misconduct and the matters in mitigation noted above, this Court now finds that the agreed and recommended sanction, a public reprimand, is appropriate.

IT IS, THEREFORE, ORDERED, that the Respondent, Kenneth T. Roberts, is hereby reprimanded and admonished for the violations of the *Indiana Rules of Professional Conduct for Attorneys at Law* found in this case.

Costs of this proceeding are assessed against the Respondent.